# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN D. PUCHNER,**

        **Petitioner,**

        v.                         **Case No. 19-CV-1737**

**ERIC J. SEVERSON,**
**Waukesha County Sheriff,**

        **Respondent.**

## ORDER

On November 26, 2019, Petitioner John Puchner, who is incarcerated at Waukesha County Jail on Huber release pursuant to multiple contempt orders of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) Puchner has a long, litigious history, including multiple habeas petitions. For purposes of this petition, the relevant cases are in the Wisconsin Circuit Court, Waukesha County: 93FA462, *In re the Marriage of Anne C. Hepperla and John D. Puchner*; and 19FA89, *In re the Marriage of Marya L. Puchner and John D. Puchner*. There is a third open case, 19cv9312, *Marya Lee Puchner vs. John David Puchner*, but its subject matter is not relevant for the purposes of this petition.

In addition to his habeas petition, Puchner filed seven other documents with multiple motions included, most of which repeat themselves: an emergency motion for a stay pending hearing (ECF No. 2); an emergency motion for stay pending hearing, motion for hearing, motion for a declaration of indigency and motion for transcripts, and motion to add evidence (ECF No. 3); an emergency motion for stay pending hearing and motion for hearing (ECF No. 4); an emergency motion for stay pending hearing, motion for hearing, and a motion to add evidence (ECF No. 5); an emergency motion for stay pending hearing, motion for hearing, and motion to add evidence (ECF No. 8); an emergency motion for stay pending hearing, motion for hearing, and motion to add evidence (ECF No. 9); and an emergency motion for stay pending hearing, motion for hearing, motion to add evidence, and "a demand for an injunction hearing, pursuant to FRCP Rule 65, enjoining the trial court from holding a hearing on this coming Friday, December 20th, until all federal (14th Amendment issues) are resolved" (ECF No. 10).

Puchner consented to the jurisdiction of a magistrate judge. (ECF No. 7.) Even though Puchner is on Huber release, he has been appearing in person at the courthouse to file these motions.

1. **Rule 4 Screening**

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a

writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

3

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

A review of Wisconsin circuit court records, available at http://wcca.wicourts.gov reveals that Puchner has been held in contempt of court and sentenced to time in jail in relation to two separate cases. On November 13, 2019, in case number 93FA462, Puchner was held in contempt of court for violating the "no filing" order issued on May 1, 2001. He was given a sanction of 15 days in jail on Huber release. On November 22, 2019, in case number 19FA89, Puchner was held in contempt, for three violations. He was ordered to spend 60 days in jail on Huber release for not completing a psychological evaluation, ordered 21 days in jail on Huber release for not following an earlier judge's order regarding placement, and ordered 30 days in jail on Huber release for not paying child support. The 30-day sentence was subsequently stayed on December 3, 2019, after the purge condition had been satisfied. A motion hearing is currently scheduled for December 20, 2019. An order to show cause hearing for contempt is also scheduled for December 20, 2019. Puchner remains in custody at the Waukesha County jail on Huber release and is not represented.

A review of the circuit court dockets and the records of the Wisconsin Court of Appeals and Wisconsin Supreme Court fail to reveal that he has exhausted his remedies in state court or that he has ever sought relief in the Wisconsin courts for the issues he now raises. Puchner did not appeal the contempt order in case number 1993FA462. In

case number 2019FA89, Puchner appealed to the Wisconsin Court of Appeals, case number 2019AP1886. However, the motion is still pending before the Wisconsin Court of Appeals, and the Circuit Court will be holding a hearing on December 20, 2019, on the order to show cause for contempt. Because Puchner has not exhausted his remedies in state court, where proceedings are still ongoing, the court finds that Puchner is not entitled to relief in federal court at this time.

The court notes that Puchner is subject to a "no filing order" in both the Circuit Court of Waukesha County and the Wisconsin Court of Appeals. *Puchner v. Hepperla*, 2001 WI App 50, ¶ 6, 241 Wis.2d 545, 625 N.W.2d 609 ("To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from, relating to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full."). A no filing order was issued in January 2001 and in May 2001. (ECF No. 5-1 at 4.) However, "Puchner is not barred from filing documents in the circuit court and this court [Court of Appeals of Wisconsin] responding to any action commenced by Hepperla or any criminal proceeding commenced against him, or seeking habeas corpus relief for himself or challenging incarceration." *Id.*, ¶ 10 n. 7. *See also Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) ("[W]e will not impede [defendant] from making any filings necessary to protect him from imprisonment or other confinement, but we will not let him file any

5

paper in any other suit in the federal courts of this circuit until he pays the money he owes.").

## 2. Other Motions

As noted, most of Puchner's other motions were filed multiple times. If Puchner does not think the court is expeditiously resolving his motions, the answer is not to flood the court's docket with repeated, frivolous filings. Doing so only slows down the court. However, the court now addresses each motion.

### 2.1. Motion to Stay Pending Hearing (ECF Nos. 2, 3, 4, 5, 8, 9, 10)

Puchner requested a stay of sentence pending hearing. Puchner has an injunction hearing on December 19, 2019 at 2:15 PM related to a restraining order filed against him by Marya Lee Puchner in case number 19cv9312. He also has an upcoming motion hearing and order to show cause for contempt hearing scheduled on December 20, 2019, at 11:00 AM in case number 19FA89. This is an exceptional request, and the court does not find good cause to grant it.

### 2.2. Motion for Hearing (ECF Nos. 3, 4, 5, 8, 9, 10)

The court does not find good cause for a hearing, especially given that Puchner's 30-day sentence for failing to pay child support was stayed. *See State ex rel. V.J.H. v. C.A.B.*, 163 Wis.2d 833, 843, 472 N.W.2d, 839, 843 (1991) ("When a contemnor's liberty interests are at risk he or she must be given the opportunity to show the court that the failure to comply with the purge condition was not willful and intentional.").

**2.3. Motion for a Declaration of Indigency and Motion for Transcripts (ECF No. 3)**

It is not the responsibility of the court to provide transcripts to Puchner. The respondent serves the transcript on the petitioner. *See* Fed. R. Civ. Pro. 5. Accordingly, the court denies this motion.

Additionally, construing the "motion for a declaration of indigency" as a motion to proceed in forma pauperis, the court denies such motion. Puchner paid the required $5 filing fee for habeas petitions.

**2.4. Motion to Add Evidence (ECF Nos. 3, 8, 9, 10)**

If Puchner wishes to amend his habeas petition, he should file an amended petition. *See* Fed. R. Civ. Pro. 15(a). Accordingly, this motion is denied.

**2.5. Demand for an Injunction (ECF No. 10)**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). The court does not find good cause to grant such an extraordinary form of relief in this case. This demand, construed as a motion, is denied.

**IT IS THEREFORE ORDERED** that Puchner's motion to stay pending hearing, motion for a hearing, motion for a declaration of indigency and for transcripts, motion to add evidence, and motion for an injunction are **denied**.

**IT IS FURTHER RECOMMENDED** that Puchner's petition and this action be dismissed for failure to exhaust his remedies in state court. The court reminds Puchner that, in the event he is incarcerated in the future pursuant to a new court order, he must file a new habeas petition.

Dated at Milwaukee, Wisconsin this 18th day of December, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge