UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN D. PUCHNER,

        Petitioner,

  v.                                     Case No. 19-cv-1737-pp

SHERIFF SEVERSON,

        Respondent.

---

**ORDER DENYING PETITIONER'S NOTICE OF MOTION FOR RELIEF FROM JUDGEMENT OR ORDER PURSUANT TO FRCP RULE 60 NOTICE OF MOTION FOR HEARING (DKT. NO. 18)**

---

On November 26, 2019, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging his detention in the Waukesha County Jail for contempt of court. Dkt. No. 1. On January 24, 2020, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging the Waukesha County Circuit Court's January 23, 2020 contempt order imposing sixty days of incarceration. Puchner v. Severson, Case No. 20-cv-110-pp at Dkt. No. 1. The court addressed both cases in a single order dated April 30, 2020. Puchner v. Severson, Case No. 19-cv-1737 at Dkt. No. 15; Puchner v. Severson, Case No. 20-cv-110 at Dkt. No. 8. The court's order adopted Magistrate Judge William E. Duffin's Recommendation in Case No. 19-cv-1737, dismissed both cases, denied the petitioner's pending motions in both cases and denied a certificate of appealability. Id. A week later, the court received from the petitioner a document titled "Notice of Motion for Relief from

1

Judgement or Order Pursuant to FRCP Rule 60 Notice of Motion for Hearing" in 19-cv-1737. Dkt. No. 18. The court will deny the motion.

**I.    Background**

    A.    <u>Report and Recommendation</u>

Referring to Judge Duffin's report and recommendation, the court's April 30, 2020 order dismissing both cases recounted the factual background of Case No. 19-cv-1737:

> On December 18, 2019, Judge Duffin issued a report recommending that this court dismiss the §2241 petition for failure to exhaust state court remedies. Dkt. No. 11. Judge Duffin surveyed the petitioner's history of litigation and noted that there appeared to be two Waukesha County Circuit Court cases relevant to the federal petition: Case Number [93FA462], <u>In re the Marriage of Anne C. Hepperla and John D. Puchner</u> and Case Number [19FA89], <u>In re the Marriage of Marya L. Puchner and John D. Puchner</u>. . . .
>
> Judge Duffin's review of the state court proceedings revealed that on November 13, 2019, the petitioner had been held in contempt of court in case number 93FA462 for violating a "no filing" order from May 1, 2001. . . . On November 22, 2019, the petitioner was held in contempt of court in case number 19FA89; that court ordered him to serve sixty days in jail with Huber release for not completing a psychological evaluation, twenty-one days in jail with Huber release for not following an earlier judge's order regarding placement, and thirty days in jail with Huber release for not paying child support. . . . The thirty-day sentence was stayed after the petitioner satisfied the purge condition. . . .

Dkt. No. 15 at 2-3.

Judge Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases, recommending that this court dismiss the case. <u>Id.</u> at 3-5. Judge Duffin "observed that although §2241 does not explicitly require exhaustion of state court remedies (as §2254 does), federal courts apply the exhaustion doctrine to §2241 petitions in the interest of comity." <u>Id.</u> at 3

2

(collecting cases). Noting that in case number 93FA462, the petitioner did not appeal the circuit court's contempt order, and in case number 19FA89, the petitioner's appeal of the contempt order was pending, Judge Duffin concluded that the state proceedings were ongoing, the petitioner had not exhausted his state court remedies and the petitioner was not entitled to *habeas* relief. Id. at 4.

>   B. <u>Emergency Motion for Stay Pending Hearing Motion for Reconsideration Pursuant to FRCP Rule 60 Amended Petition (Dkt. No. 12)</u>

Two days after Judge Duffin issued the recommendation that the court dismiss the petition, the petitioner filed an "Emergency Motion for Stay." Dkt. No. 12. That motion sought reconsideration under "Rule 60 of FRCP," arguing that attached documents showed that "the state court system, at both levels, ha[d] already ruled against [the petitioner] on the orders that led to the contempt." Id. at 1. The petitioner asserted that those rulings constituted exhaustion of his *habeas* claims. Id. As the court later recounted in its April 30, 2020 order dismissing the case,

> [t]he petitioner attached three pages to the motion for stay. The first appears to be the second page of a document prepared by attorney Julie M. Gay, with the paragraph "The attached Order dated May 1, 2001 continues in full force and effect and the clerk of court shall, therefore, refuse to accept for filing any documents submitted by the Respondent" circled and a handwritten note stating "I can't appeal." . . . The second document is a November 11, 2019 affidavit from Administrative Specialist Maggie Ross stating that the petitioner attempted to file an emergency motion on November 11, 2019 in case number 93FA462, but that she denied the filing based on the Wisconsin Court of Appeals decision in <u>Puchner v. Puchner</u>, 2001 WI App 50, 241 Wis. 2d 545, 625 N.W.2d 609. . . . The third is a page of the publicly available case history in case number [19FA89],

3

> with circles around the Wisconsin Supreme Court and Wisconsin Court of Appeals entries for November 25, 2019. . . .

Dkt. No. 15 at 5-6.

### C. Order Dismissing Case (Dkt. No. 15)

In its April 30, 2020 order, the court "construe[d] the petitioner's 'emergency motion for stay' . . . as an objection to Judge Duffin's report and recommendation." Id. at 6. That order overruled that objection, adopted Judge Duffin's report and recommendation, dismissed the petition for a failure to exhaust state remedies and denied the petitioner's "Emergency Motion for Stay." Id. at 18. The court found that the petitioner had not objected to Judge Duffin's "conclusion that the doctrine of exhaustion applies to §2241 petitions," "recitation of the petitioner's state court case history," or "observation about the petitioner's filing bar." Id. at 7. The court explained that "[t]he petitioner's lone contention [was] that he [could not] exhaust his state court remedies because he ha[d] not been allowed to file an appeal." Id.

The court interpreted Judge Duffin's report and recommendation as a conclusion "that the petitioner's argument about being unable to appeal was contradicted by the fact that the petitioner had an appeal of the contempt order pending in the Wisconsin Court of Appeals." Id. at 7. The court agreed, finding that "[t]he petitioner's contention about being unable to file an appeal [was] directly contradicted by publicly available records showing that he ha[d] an appeal pending in the Wisconsin Court of Appeals." Id. at 8 (citing Puchner v. Puchner, Case No. 2019AP1886 (available at https://

4

wscca.wicourts.gov)). Noting that the Court of Appeals' October 2019 order stated "no action would be taken on certain motions the petitioner had filed in that court," this court observed that the appeal had proceeded, that motions were pending and that a court-ordered briefing schedule was in effect. Id. The court clarified that while both the Wisconsin Supreme Court and the Wisconsin Court of Appeals had denied the petitioner's motions for supervisory writs, "the fact that those courts denied motions asking them to intervene in the circuit court proceedings [did] not have any bearing on whether the petitioner ha[d] presented his *substantive* claims to those courts for resolution." Id.

Similarly, the court found that the filing bar did not "allow the petitioner to evade the exhaustion requirement." Id. The court described the petitioner's history of litigation with his ex-wife:

> In 2001, the Wisconsin Court of Appeals surveyed the petitioner's history of litigation with his ex-wife, Anne Hepperla, writing that "[s]ince 1994, Puchner has filed twenty cases in the court of appeals relating to postdivorce disputes involving Hepperla. Puchner has not prevailed in any case he has filed in this court." Puchner v. Hepperla, 241 Wis. 2d 545, 548 (Ct. App. 2001). The appellate court wrote that the petitioner's current appeal—challenging the circuit court's order enjoining him from having contact with Hepperla—was "filled with vindictive and scurrilous attacks upon the circuit court judge, other circuit court judges, Hepperla and her counsel. The brief is offensive, particularly as to Hepperla, against whom it levels an irrelevant but serious criminal allegation without any foundation or support." Id. at 550.

Id. at 8-9. The court recounted the Wisconsin Court of Appeals' sanction ordering the petitioner to pay Hepperla's attorneys' fees resulting from the appeal:

> To make this sanction effective and meaningful and in recognition that Puchner has litigated frequently, unsuccessfully, frivolously

5

> and to harass Hepperla, we bar Puchner from commencing proceedings in this court and the circuit court arising from, relating to or involving Hepperla until the costs, fees and reasonable attorney's fees are paid in full.

Id. at 9 (citing Hepperla, 241 Wis. 2d at 550). The court quoted the Court of Appeals' instruction to its clerk to "return unfiled any document submitted by [the petitioner] relating to any matter arising from, relating to or involving Hepperla." Id. (citing Hepperla, 241 Wis. 2d at 552).

The court also noted the Court of Appeals' clarification that the filing bar did not prevent the petitioner "from filing documents in the circuit court and [the Court of Appeals] responding to any action commenced by Hepperla or any criminal proceeding commenced against him or seeking habeas corpus relief for himself or challenging incarceration." Id. (citing Hepperla, 241 Wis. 2d at 552, n.7). The court found that the filing bar applied only to cases involving Hepperla, and that it explicitly allowed the petitioner to seek *habeas corpus* relief and challenge incarceration. Id. at 10. The court concluded that the petitioner "[could not] claim that the filing bar imposed by the court of appeals in 2001 prevented him from filing an appeal of his contempt order in [19FA89] or [93FA462]." Id. at 9-10.

The court rejected the petitioner's claim that the Waukesha County Clerk of Court violated the Court of Appeals' filing bar. Id. at 10. After considering the petitioner's "affidavit from Maggie Ross that says she declined to file an emergency motion for the petitioner on November 11, 2019—two days before a hearing in Case No. [93FA462]," the court concluded that the affidavit "does not show that the petitioner ha[d] been prevented from challenging a contempt

6

order issued in [93FA462]." Id. Rather, the court found that "publicly available records show[ed] that the circuit court judge did not issue an order holding the petitioner in contempt of court until November 13, 2019—two days *after* Ross declined to file the emergency petition." Id.

The court agreed with Judge Duffin that "the petitioner had a pending appeal of the November 22 contempt order in Case No. [19FA89] in the Wisconsin Court of Appeals." Id. (citing Puchner, Appeal No. 2019AP001886 (available at wscca.wicourts.gov)). The court adopted Judge Duffin's finding that the petitioner had not exhausted his state court remedies, overruled the petitioner's objections and dismissed the case. Id. at 10-11.

### D. Notice of Motion for Relief from Judgement or Order pursuant to FRCP Rule 60 Notice of Motion for Hearing (Dkt. No. 18)

On May 8, 2020, the petitioner filed a "Notice of Motion for Relief from Judgement or Order pursuant to FRCP Rule 60 Notice of Motion for Hearing." Dkt. No. 18. The motion seeks relief from the court's April 30, 2020 order under Federal Rules of Civil Procedure 60(a) and (b). Id. at 1. The petitioner states that Rule 60 "demands immediate reversal of the April order" for a variety of clerical and other errors. Id. at 2.

## II. Analysis

### A. Standards

Under Rule 12 of the Rules Governing Section 2254 Cases, the court may apply the Federal Rules of Civil Procedure in *habeas* cases "to the extent that they are not inconsistent with any statutory provisions." "[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United

7

States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 19, 2010). Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 14-cv-1862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) is available where a movant files within a "reasonable about of time" after final order and judgment.

The petitioner cites Fed. R. Civ. P. 60(a), which allows a court to correct clerical mistakes and mistakes arising from oversights and omissions in judgments or orders, and Fed. R. Civ. P. 60(b), which allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

While the petitioner did not mention Rule 59(e), he filed this motion less than twenty-eight days after the court entered judgment, so he could have sought relief under that rule. "Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact." Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Bilek v. Am.

Home Mortg. Servicing, No. 07 C 4147, 2010 WL 3306912 at *1 (N.D. Ill. Aug. 19, 2010) (quoting Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was "not available at the time of briefing." Katz-Crank v. Haskett, No. 1:13-cv-00159-TWP-DML, 2014 WL 3507298, at *2 (S.D. Ind. July 14, 2014).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1986)). Such a motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

B.   Application

Whether the court considers the petitioner's motion as a motion to alter or amend its judgment under Rule 59(e) or a motion to correct an error in an order or judgment under Rules 60(a) and (b), the court denies the motion. The petitioner focuses on what he perceives to be errors in the court's April 30, 2020 order adopting Judge Duffin's report and recommendation and dismissing the petitioner's cases. The alleged errors include (1) Judge Duffin's

9

conclusion that two Waukesha County Circuit Court cases "appeared to be . . . relevant to the federal petition," because the petitioner asserts that "[n]either of the Appeals cited relates to [the petitioner's] first marriage, 93 FA 462. Both appeals cited relate to appeals of [the petitioner's] second civil divorce 2019 FA 89," dkt. no. 18 at ¶1; (2) the court's references to proceedings related to the petitioner's first divorce, id. at ¶¶ 2, 3, 7, 9; (3) Judge Duffin and this court's consideration of the filing bar, id. at ¶4; see also dkt. no. 15 at 4 (citing Puchner v. Hepperla, 241 Wis.2d 545, 550 (Ct. App. 2001)); (4) the court's descriptions of an affidavit that the petitioner attached to a prior filing, id. at ¶5; (5) the court's finding that the petitioner did not object to Judge Duffin's discussion of the petitioner's state court cases and observation of the filing bar, id. at ¶6; (6) Judge Duffin's conclusion that the filing bar did not prevent the petitioner from challenging his incarceration, id. at ¶8; (7) the court's conclusion that the denials of the petitioner's various motions for supervisory writs in the Wisconsin courts were unrelated to whether the petitioner exhausted his substantive *habeas* claims, id. at ¶10; (8) the court's conclusion that the filing bar did not prevent the petitioner from appealing the contempt orders in his state cases, id. at ¶11; and (9) the court's conclusion that the petitioner did not exhaust his *habeas* claims, id. at ¶¶12, 13.

The motion cites no authority for the petitioner's legal conclusions and does not identify any mistake, excusable neglect, inadvertence, newly discovered evidence or fraud as enumerated in Rule 60(b). Nor has he identified any clerical error under Rule 60(a). The petitioner has not identified any newly

discovered evidence under Rule 59(e); he cites no evidence not available to the court at the time it rendered its final order. He has not identified a manifest error of law or fact. Instead, the petitioner stresses his disagreement with the court's conclusions and rehashes prior arguments.

Notably, despite his nitpicking with facts that he believes this court or Judge Duffin got wrong, the petitioner provides no reason to doubt the court's conclusion that the petitioner did not exhaust his state remedies. The petitioner did not appeal the circuit court's contempt order in <u>In re the Marriage of Anne C. Hepperla and John D. Pucher</u>, Case No. 93FA462 (Waukesha County Circuit Court) (available at https://wcca.wicourts.gov) and does not assert otherwise. In Case No. 19FA89, the Waukesha County Circuit Court ordered the petitioner to spend sixty days in jail with Huber release on November 22, 2019. <u>In re the Marriage of Marya L Puchner and John D. Puchner</u>, Case No. 19FA89 (Waukesha County Circuit Court) (available at https://wcca.wicourts.gov). When this court denied the petition and dismissed the case on April 30, 2020, it noted that the appeal was still pending. Dkt. No. 15 at 10 (citing <u>Puchner v. Puchner</u>, Appeal No. 2019AP001886 (available at https://wscca.wicourts.gov). The petitioner has not argued otherwise or presented proof that the appeal was not pending.

The court will deny the motion without a hearing—the motion raises no issues that require the presentation of evidence or argument.

### III. Conclusion

The court **DENIES** the petitioner's Notice of Motion for Relief from Judgement or Order Pursuant to FRCP Rule 60 Notice of Motion for Hearing. Dkt. No. 18.

Dated in Milwaukee, Wisconsin this 4th day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**